# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AMY INGRAM AND TAMMY BUCKELEW, individually and on the behalf of others similarly situated,** ) ) ) ) | |
| ) | **CASE NO: _____** |
| **PLAINTIFFS,** ) | |
| **V.** ) | **JURY DEMAND** |
| **DOLGENCORP, LLC,** ) | |
| **DEFENDANT.** ) | |

## I.   INTRODUCTION

1. This is a legal action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., brought by Amy Ingram and Tammy Buckelew, individually and on behalf of all other similarly-situated "managers" (hereinafter collectively referred to as "Plaintiffs" or "managers") pursuant to 29 U.S.C. Section 216(b), against Dolgencorp, LLC., d/b/a Dollar General (hereinafter "Dolgencorp" or "Defendant").

## II.   JURISDICTION AND VENUE

1

2. This Court has jurisdiction of this legal action pursuant to 28 U.S.C. Sections 1331 and 1367. The venue is proper in the Northern District of Alabama pursuant to 28 U.S. C. Section 1391 as Defendant conducts their business by operating some of their discount retail stores in this District, and substantial acts and omissions giving rise to the claims, in this case, have occurred within this District.

3. The FLSA does not require the exhaustion of administrative remedies.

### III. **PARTIES**

4. Amy Ingram is a resident of the State of Alabama and was employed by Dolgencorp as a "manager" in one of their Leeds, Alabama business locations, and then in one of their Hoover, Alabama Locations from about November 26, 2021, to until about February 15, 2022.

5. Tammy Buckelew is a resident of the State of Alabama and was employed by Dolgencorp as a "manager" in their Lakeshore store, located in Jefferson County, Alabama from about January 8, 2022, to the present.

6. At all times material to this legal action, Plaintiffs have been "employees" of the defendant for purposes of 29 U.S.C. §203(e). As "managers" employed by Defendant, Plaintiffs have been engaged in commerce and the production of goods for commerce, as that phrase is defined within the meaning of the FLSa, 29 U.S.C. §203.

7. Defendant is the largest discount retailer in the United States with more than 18,200 store locations in 47 states including Alabama that offer consumer merchandise, including consumables, home products, seasonal, and apparel.

8. The defendants are organized and exist under the laws of the State of Tennessee and are headquartered in Goodlettsville, Tennessee.

9. Defendant is authorized to sell their products in Alabama and specifically employs workers they call "managers" to operate in their discount retail outlets.

10. Defendant is an "employer" and an "enterprise engaged in commerce or the production of goods for commerce," as defined in the FLSA (29 US.C. §203).

### IV.  FACTS

11. Plaintiffs are or were employed by Defendants as "managers" at all times material to this complaint, and were paid by Defendant to work in individual stores owned by Defendant.

12. Plaintiffs are similarly- situated to all other stores' "managers" because the same policies and procedures apply to each store and store's "manager" regardless of what district or region they are located.

13. Defendant has improperly and unlawfully classified Plaintiffs and all other similarly-situated employees, performing the same type of work, as salaried exempt

employees, paying Plaintiffs and the class members they are seeking to represent a salary, with no overtime pay, regardless of the number of hours worked.

14. Plaintiff and the class members were and are entitled to be paid at least one and one-half times their respective regular rates of pay for each hour over forty hours that they worked in any workweek pursuant to the FLSA (29 U.S.C. §207).

15. During the class period as defined herein, Plaintiffs and the class members were not paid one and one-half times their regular hourly work rates for any hours that they worked in excess of the maximum per workweek (40 hours) provided for by the applicable statutes in violation of the FLSA (29 U.S.C. §207).

16. Defendant misclassified Plaintiffs and all other similarly-situated "managers" to avoid paying the full wages to which they were and are entitled under FLSA (29 U.S.C. §207).

17. The work performed by Plaintiff and class members is non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA.

18. Plaintiffs are "managers" only in name, spending the vast majority of their time performing manual labor, such as stocking shelves, running the cash registers, unloading trucks, and cleaning the floors, bathrooms, and parking lots of the store where they work.

19. Plaintiffs' duties and the duties of others similarly-situated did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

20. Typically Defendant only required their "managers" to have a high school degree or a GED, no managerial experience, very few or no references, with little or no training, to hire them as manager trainees.

21. Defendant systematically failed or refused to keep adequate time records for its "managers" in violation of FLSA. Plaintiffs and all other class members, therefore, may establish the hours worked by their own records and testimony.

22. Plaintiffs and other similarly-situated employees spend more than 90% of their time on the same non-management duties and spend little time on what may be described as their management duties.

23. Plaintiffs are required to always schedule themselves for every "truck day", usually 1 to 2 times a week, to be there to help manually unload the trucks, move the products into the store, and stock the shelves.

24. Throughout their employment with Defendant, Plaintiffs and other class members were and are repeatedly and routinely required to work more than 60 and up to 90 hours per week.

25. "Managers" regularly spend between 5 to 10 hours a week at home doing work-related duties such as being on the phone with district managers and other employees, or doing CBLs (computer-based learning) required by Defendant, because of their manual duties that take priority at work.

26. "LSAs" (Lead Sales Associates) who are store key holders, are paid an hourly wage rate, are eligible for overtime pay, and can open and close their store the same as an "assistant manager" or "manager".

27. ASMs (Assistant Sales Managers) who can train anyone in the store including other ASMs and LSAs, are paid an hourly wage rate, and are eligible for overtime pay. However, most employee training is done by "CBLs". New employees are required to receive a certain number of CBL hours covering numerous topics in-order to start working in the store, which is the primary mode of employee training.

28. The store "managers" are very closely supervised by district managers who have full oversight of all key managerial duties, in the following ways:

(a) "ASMs " can do any store managerial job function that a "manager" can do except, hire employees, fire employees, and make employee pay changes. However, even "managers" lack independent authority to hire, promote, discipline, or terminate other employees; without the oversight authority of their district manager.

 (b) "Managers" lack the power to close a store in an emergency, such as a hurricane, without the district manager's permission.

 (c) "Managers" set the hourly work schedule for each store employee, but only after their district manager dictates the total number of payroll hours that can be allocated for employees each week, and if a store "manager" goes over the number allocated they can be fired.

 (d) District manager or the Corporate office determines and controls, store hours, how many keys are allowed per store and who has access to them, store budget, staffing levels, store layout, and products sold.

 (e) District managers uniformly run their stores by using daily emails, text messages with instructions to "managers", telephone calls, and store visits.

29. In addition to the unpaid overtime wages owed to the Plaintiffs and all other similarly-situated "managers" of Defendant the Plaintiffs are also entitled to recover an equal additional amount as liquidated damages, pursuant to 29 U.S.C. §216(b), and prejudgement interest.

30. Plaintiffs and all other similarly-situated "managers" are also entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## V.  COLLECTIVE ALLEGATIONS

31. Plaintiffs bring this legal action on their behalf and behalf of all other "managers" similarly-situated to them under 29 U.S.C. §216(b).

32. There are numerous other similarly-situated, present and former, "managers" who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of "Court-Supervised Notice" of, and the opportunity to join, the present lawsuit. The other similarly-situated "managers" are known to the Defendants and are readily identifiable and locatable through Defendant's records. Specifically, these Plaintiffs would include all similarly-situated, present and former, "managers" of the Defendant who: (i) have been employed by the Defendants within the last three years; (ii) have worked overtime and have not been properly compensated for their work; and (iii) would benefit from "Court-Supervised Notice" and the opportunity to join the present lawsuit.

33. Defendant has not made a good faith effort to comply with the FLSA law.

34. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to properly pay the Plaintiffs, and all other similarly-situated, present and former, "managers" pursuant to Section 207 of the FLSA.

35. Defendant has improperly and illegally avoided paying overtime wages to Plaintiffs and other similarly-situated class members by calling them "managers" to claim an exemption under the FLSA.

36. Because Plaintiffs and the other putative class members are not allowed to exceed the allotted number of hours for employees payroll, set by the district managers, it ensures that the salaried store "managers," and not the hourly employees are required to do all work necessary to get the job done, and makes up the difference by working more hours.

37. As a result of Defendant's violations of the FLSA, the named Plaintiffs, as well as all other similarly-situated "managers" of Defendant, have suffered damages by failing to receive proper overtime wages under Section 207 of the FLSA.

38. There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendant has acted on grounds generally applicable to all class members.

39. Common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant has consistently failed to pay Plaintiff and class members one and one-half times their regular rate of pay as required by the FLSA (29 U.S.C. §207);

b. Whether class members are exempt from receiving overtime wages under the FLSA (29 U.S.C. §213);

c. Whether Defendant has, in failing to make such overtime payments to Plaintiffs, acted willfully and with the intent of depriving members of the class of such compensation;

d. Whether the defendant has failed to keep accurate records of the time worked by its employees performing the above-mentioned activities where required by law; and

e. Whether Defendant unlawfully and willfully failed to pay unpaid overtime compensation to members of the class upon the termination of their employment where required by law.

40. The class is so numerous as to make it impracticable to join all members of the class as Plaintiffs.

41. Plaintiffs' wage and hour claim and Defendant's anticipated affirmative defenses thereto are typical of the claims of all class members and Defendant's anticipated affirmative defenses thereto.

42. Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and the administration of all matters relating to the claims of the class.

43. Plaintiffs are similarly situated with and have suffered similar injuries as the members of the class they seek to represent.

44. Plaintiffs feel that they have been wronged, wish to obtain redress of the wrong, and want Defendant stopped from visiting similar wrongs on others.

45. Plaintiffs have retained counsel experienced in handling collective action suits. Neither Plaintiffs nor their counsel has an interest that is in conflict with the class or which might cause them not to vigorously pursue this action.

46. Collective certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices or could as a practical matter dispose of the legal claims of the class members not parties to such separate adjudications.

47. Collective certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. Defendant's action in failing to properly compensate the plaintiffs, as well as all similarly situated sales representatives, in violation of the FLSA, has been willful.

49. In addition to unpaid wages owed to the Plaintiffs and all similarly situated "managers" are also entitled to recover an equal additional amount as liquidated damages, according to 29 U.S.C. Section 216(b), and prejudgment interest.

## VI.    COUNT I – FLSA OVERTIME WAGE CLAIM

50. Plaintiffs incorporate each and every allegation as though fully set forth herein.

51. As more fully set forth above, Plaintiffs and class members are non-exempt employees, entitled to overtime wages of one and one-half times their regular hourly rates for each hour worked in excess of forty hours in a given week.

52. As more fully set forth above, Plaintiffs and class members were never paid such overtime wages, in violation of the FLSA (29 U.S.C. Section 207).

53. Defendant owes Plaintiffs and its other similarly-situated "managers' the overtime wages and liquidated damages mandated by the FLSA, 29 U.S.C. §207 and §216(b).

54. The class is entitled to judgment for actual damages, liquidated damages, attorney's fees, and costs. see 29 U.S.C. § 216(b).

55. Plaintiffs, as the representative parties, are entitled to recover appropriate compensation for having performed the duties of a representative.

56. The class is entitled to any other relief which the Court may deem just and appropriate to redress the harm inflicted by Defendant and to prevent further violations of the law.

WHEREFORE, Plaintiffs request the Court to:

A. Order that this case shall proceed as a collective action under 29 U.S.C. § 216(b) with Plaintiffs as class representatives, and Plaintiffs' counsel as class counsel;

B. Enter final judgment in favor of the class for actual damages in the amount proven at trial;

C. Enter a final judgment in favor of the class for liquidated damages in an amount equal to the aggregate underpayment of wages as proven at trial.

D. Enter final judgment in favor of the class and against Defendant, reimbursing all costs and expenses incurred in bringing and prosecuting this case, including reasonable attorney's fees and expense of any necessary expert witness;

E. Enter an order which sets the terms for distributing sums recovered in this action to class members, including a provision that awards to Plaintiffs, as the

representative parties, appropriate compensation for having performed the duties of class representatives;

F. Enjoin Defendant from requiring store "managers" to work in excess of forty hours in any workweek without paying them one and one-half times their regular hourly rate for each such hour worked; and

G. Award such other and further relief as the Court deems just and equitable.

H. Plaintiffs further demands a Jury to try the issues when joined.

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY.

Respectfully submitted:

/S/ *Robert C. Epperson*
Attorney for Plaintiffs

**Robert C. Epperson**
**Law Firm**
**P O Box 477**
**Foley, AL 36536**
**(251) 943-8870 O**
**(251)-964-9706 C**
**ASB-2575-056R**
**repperson@rcelaw.com**

**Plaintiffs request this Honorable Court to serve via certified mail upon the Defendants the following: Summons, Complaint.**

Defendant's Address:

DOLGENCORP, LLC
641 SOUTH LAWRENCE ST.
MONTGOMERY, AL 36104

DOLGENCORP, LLC
100 MISSION RIDGE
GOODLETTSVILLE, TN 37072-2171

/S/*Robert C. Epperson*