FILED
2022 Oct-11 AM 11:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY INGRAM AND TAMMY BUCKELEW, individually and on the behalf of others similarly situated, | )<br>)<br>)<br>) |
| PLAINTIFFS, | ) CV- No: 2:22-cv-00847-NAD<br>) |
| V. | ) |
| DOLGENCORP, LLC, | )<br>) |
| DEFENDANT. | ) |

**JOINT MOTION FOR COURT REVIEW AND APPROVAL OF THE
PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL OF CASE
WITH PREJUDICE AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW, Plaintiffs Amy Ingram, and Tammy Buckelew (collectively "Plainitffs"), and the Defendant, Dolgencorp, LLC ("Defendant") (Plaintiffs and Defendant, collectively, the "Parties"), and file this Joint Motion for Court Review and Approval of the Parties' Settlement Agreements and Dismissal of Case With Prejudice and Memorandum in Support Thereof.

**I. INTRODUCTION**

The Plaintiffs in this case filed a claim under the Fair Labor Standards Act ("FLSA") on behalf of themselves and others similarly situated, asserting that they and other Dollar General Store Managers were improperly classified as salaried, exempt employees under the FLSA. Thereafter, Defendant notified Plaintiffs' counsel that both Plaintiffs had executed Arbitration Agreements that required that Plaintiffs not only pursue any individual claims in arbitration, but also that the Arbitration Agreements contained class and collective action waivers, preventing Plaintiffs from bringing the collective action that they asserted by way of this litigation. Defendant notified Plaintiffs' counsel that it would be moving to compel individual arbitration of Plaintiffs'

1

claims and for a dismissal of the collective claims. Instead of spending judicial resources on this briefing, the Parties agreed to enter into settlement negotiations.

As a result of arms length settlement negotiations, each of the Plaintiffs has agreed to settle her individual claims and to dismiss her lawsuit with prejudice. The Settlement Agreements reflect reasonable compromises of issues actually in dispute, were reached in an adversarial context in which the Plaintiffs were represented by competent and experienced counsel, and are fair and reasonable in their totality.

For these reasons, and the reasons set forth more fully below, the Parties respectfully request that the Court review the terms of the Plaintiffs' individual Settlement Agreements (attached hereto as Exhibits A and B)(the "Agreements"), grant the proposed Order approving the Settlement Agreements as per *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismiss the case *with prejudice* as to the Plaintiffs based on the grounds fully set forth herein.

## II. MEMORANDUM OF LAW

The Parties request that the Court review and approve the two separate individual Agreements so that the resolution of this civil action will be in accord with the Eleventh Circuit's decision concerning compromising and/or settling FLSA claims, *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). In *Lynn's Food Stores*, the Eleventh Circuit set forth two ways in which wage claims arising under the FLSA may be settled or compromised by employees. The first is payment through the Secretary of Labor. The second is for a private suit to be filed by employees and for the settlement to be reviewed and approved by the Court. It is the second of these procedures the Parties are following in this case.

The Agreements are fair and should be approved as they provides real monetary relief to Plaintiffs for claims asserted by way of this current litigation. The Parties stipulate that they had a bona fide dispute. In this regard, Plaintiffs contend that they are owed unpaid overtime wages from Defendant. Defendant disputes these claims in their entirety and assert that they have been fully and appropriately compensated.  Plaintiffs were each Store Managers for differing Dollar General stores, and each was the only exempt employee in her store.  Each Plaintiff was in charge of her stand alone store and responsible for managing her store and the employees within her store. Dollar General contends that Plaintiffs were properly paid on a salaried basis, and were exempt from the overtime requirements of the FLSA under the Executive Exemption.

The Parties, represented by counsel with significant experience in employment law including experience with wage and hour lawsuits, evaluated the merits of the case and the potential damages and exposure.  Even if Plaintiffs could establish liability under the FLSA, which Defendant disputes that they would be able to do, the Parties agree that the recovery obtained for Plaintiffs in their Agreements, free and clear of requested attorney's fees and costs, is as close to complete relief as can be readily determined from the records maintained and provided by Defendant, taking into account Plaintiffs' recollections and any potential credibility issues. Accordingly, at best Plaintiffs have received complete relief and at worst, the settlement reflects a slight compromise of the viable disputed claims asserted by Plaintiffs.  Moreover, both Plaintiffs are being paid liquidated damages in the same amount that they are being paid for the settlement of all wages (despite Defendant's position that no wages are owed whatsoever).

The Parties are resolving the matter to avoid the cost and time of litigating the remaining issues, as well as the risks associated with continued litigation. The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and the Plaintiffs voluntarily

have released all wage and hour claims against Defendants and its related entities in exchange for sufficient consideration. Plaintiffs are satisfied that the amount they received represents a fair compromise of all their claims for unpaid wages pursuant to the FLSA and otherwise.

Counsel for the Parties represent that the settlement entered into by the Parties was an arms-length compromise, and there was no collusion concerning the settlement of this matter. Counsel for the Parties also represents that the continuation of this litigation would result in further expenses necessitating additional expenditures of costs and attorney's fees.

Pursuant to this settlement agreement, Defendant has agreed to pay Plaintiffs' counsel's collective attorneys' fees in the amount of $2,966.67, and in addition, Defendant has agreed to pay Plaintiffs' counsel's costs and expenses of $1,087.90.  In total, Plaintiffs' Counsel will receive a total of $4,054.57 related to counsel's representation of the two individual Plaintiffs, and this is being paid to Plaintiffs' counsel separate and apart from the consideration being paid directly to the Plaintiffs per the terms of the Agreements.

Moreover, as Plaintiff Buckelew was over the age of 40 during her employment with Defendant, she offered to release any and all age related claims against Defendant, and Defendant agreed to pay separate consideration for this additional release, as set forth in the Buckelew settlement agreement.  Moreover, because the Parties wished to resolve and and all claims that Plaintiffs may have against Defendant, Plaintiffs offered to accept and Defendant agreed to pay each of the Plaintiffs an additional sum for a general release of all claims, as set forth separately in the individual settlement agreements.

Accordingly, the Parties mutually believe that the Agreements are fair and reasonable resolutions, when considering the range of reasonableness of the settlement amount in light of the best possible recovery and all attendant risks of litigation, including the fact that Dollar General

has received summary judgment in it favor dozens of times of the Executive Exemption issues under the FLSA with courts finding no genuine issue of fact that Dollar General's Store Managers are properly classified as exempt employees.

Moreover, Counsel for the Parties assert in their respective opinions, the settlement is fair and reasonable including the requested fees and expenses. A declaration from Plaintiffs' counsel documenting and proving the reasonableness of the hours expended and hourly rates billed is attached hereto as Exhibit C.

WHEREFORE, the Parties respectfully request the Court approve the Settlement Agreements attached hereto as Exhibits A and B, and dismiss this action in its entirety with prejudice, including the collective action claims that were asserted in disregard to the Plaintiffs' previously entered arbitration agreements that contained explicit class and collective action waivers.

Respectfully submitted,

| For the Plaintiffs: | For the Defendant: |
|---|---|
| /s/ *Robert C. Epperson (with permission* | /s/Timothy A. Palmer |
| ROBERT C. EPPERSON | Alabama Bar No. 6895L72T |
| P O Box 477 | Ogletree, Deakins, Nash, Smoak & Stewart |
| Foley, AL 36536 | 420 20th Street North, Suite 1900 |
| 251-943-8870 O | Birmingham, AL 35203 |
| 251-654-9706 C | Telephone: 205.328.1900 |
| ASB–2575-056R | Facsimile: 205.328-6000 |
| repperson@rcelaw.com | timothy.palmer@ogletree.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of October 2022, the foregoing was filed electronically with the Clerk of the Court to be served via the Court's electronic filing system upon the following:

Robert C. Epperson
Law Firm
P O Box 477
Foley, AL 36536

*/s/ Timothy A. Palmer*