# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMY INGRAM AND TAMMY BUCKELEW, individually and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 2:22-cv-847-AMM |
| DOLGENCORP, LLC, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

This case is before the court on the *Corrected* Joint Motion for Court Review and Approval of the Parties' Settlement Agreement and Dismissal of Case With Prejudice and Memorandum in Support Thereof. Doc. 8. For the reasons stated below, the motion is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**. The court retains jurisdiction to enforce the Settlement Agreements.

### I.   BACKGROUND

Plaintiffs Amy Ingram and Tammy Buckelew allege that Defendant Dolgencorp, LLC ("Dolgencorp") violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, ("the FLSA") by "misclassif[ying] Plaintiffs and all other similarly-situated 'managers' to avoid paying the full wages to which they were and

are entitled under [the] FLSA (29 U.S.C. § 207)." Doc. 1 ¶ 16. In their complaint, Ms. Ingram and Ms. Buckelew alleged that Dolgencorp "improperly and unlawfully classified Plaintiffs and all other similarly-situated employees, performing the same type of work, as salaried exempt employees, paying Plaintiffs and the class members they are seeking to represent a salary, with no overtime pay, regardless of the number of hours worked." *Id*. ¶ 13. Ms. Ingram and Ms. Buckelew further alleged that Dolgencorp did not pay them "one and one-half times their regular hourly work rates for any hours that they worked in excess of the maximum per workweek (40 hours) provided for by the applicable statutes in violation of the FLSA." *Id*. ¶ 15. Ms. Ingram and Ms. Buckelew also alleged that Dolgencorp "systematically failed or refused to keep adequate time records for its 'managers' in violation of the FLSA." *Id*. ¶ 21. Ms. Ingram and Ms. Buckelew alleged that they "were and are repeatedly and routinely required to work more than 60 and up to 90 hours per week." *Id*. ¶ 24. Ms. Ingram and Ms. Buckelew asserted their FLSA claim in a single count. *See id*. ¶¶ 50–56.

After the complaint was filed, Dolgencorp "notified Plaintiffs' counsel that both Plaintiffs had executed Arbitration Agreements that required that Plaintiffs not only pursue any individual claims in arbitration, but also that the Arbitration Agreements contained class and collective action waivers, preventing Plaintiffs from bringing the collective action that they asserted by way of this litigation." Doc. 8 at

1. "[T]he Parties agreed to enter into settlement negotiations," after Dolgencorp "notified Plaintiffs' counsel that it would be moving to compel individual arbitration of Plaintiffs' claims and for a dismissal of the collective claims." *Id.* at 1–2.

The parties negotiated a settlement of the Plaintiffs' claims and filed a *Corrected* Joint Motion for Court Review and Approval of the Parties' Settlement Agreement and Dismissal of Case With Prejudice and Memorandum in Support Thereof. Doc. 8.

## II.   ANALYSIS

The FLSA provides: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). For hours worked in excess of forty in a workweek, an hourly employee must be paid at least one and a half times his ordinary hourly wage. *Id.* § 207(a)(1). The FLSA also "provides for reasonable attorney's fees." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

"[T]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013) (cleaned up). "The first is under the supervision of the Secretary of Labor." *Id.* The second is through a lawsuit, in which "the parties

3

may present to the district court a proposed settlement and the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* (cleaned up). The FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.

"If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[, the Eleventh Circuit] allow[s] the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). However, the Supreme Court has "invalidated a settlement agreement releasing the employer from liquidated damage claims even though there was a bona fide dispute about whether the employees were covered by the FLSA" because "'neither wages nor the damages for withholding them are capable of reduction by compromise of controversies over coverage.'" *Id.* at 1353 n.8 (quoting *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115–17 (1946)). "Allowing the employer to escape liquidated damages by simply giving an employee the wages she was entitled to earn in the first place . . . would undermine the deterrent effect of the statutory provisions." *Nall*, 723 F.3d at 1307. Put differently, "[a]ny amount due that is not in dispute must be

paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

According to the parties, "they had a bona fide dispute." Doc. 8 at 3. Specifically, the Plaintiffs "contend that they are owed unpaid overtime wages from Defendant." *Id.* Dolgencorp "disputes these claims in their entirety and assert[s] that [Plaintiffs] have been fully and appropriately compensated." *Id.* Additionally, Dolgencorp "contends that Plaintiffs were properly paid on a salaried basis, and were exempt from the overtime requirements of the FLSA under the Executive Exemption." *Id.*

The Settlement Agreements provide that Dolgencorp will pay Ms. Buckelew $1,500 in "alleged back pay, any lost wages, any unpaid wages, and compensation for a release of all wage and hour claims" as well as $1,500 in "liquidated damages and further compensation for a release of all wage and hour claims." Doc. 8-1 at 2. Additionally, Dolgencorp will pay Ms. Ingram $1,016.67 in "alleged back pay, any lost wages, any unpaid wages, and compensation for a release of all wage and hour claims" as well as $1,016.66 in "liquidated damages and further compensation for a release of all wage and hour claims." Doc. 8-2 at 2. In the motion for settlement approval, the parties assert that "the recovery obtained for Plaintiffs in their Agreements, free and clear of requested attorney's fees and costs, is as close to

5

complete relief as can be readily determined from the records maintained and provided by Defendant, taking into account Plaintiffs' recollections and any potential credibility issues." Doc. 8 at 3. The parties state that "at best Plaintiffs have received complete relief and at worst, the settlement reflects a slight compromise of the viable disputed claims asserted by Plaintiffs." *Id.* "Moreover, both Plaintiffs are being paid liquidated damages in the same amount that they are being paid for the settlement of all wages (despite Defendant's position that no wages are owed whatsoever)." *Id.*

Additionally, the Settlement Agreements provide that Dolgencorp will "pay Plaintiffs' counsel's collective attorneys' fees in the amount of $2,966.67, and in addition, . . . Plaintiffs' counsel's costs and expenses of $1,087.90." *Id.* at 4.

The Settlement Agreements also include Confidentiality and Non-Disparagement provisions. Doc. 8-1 at 9–11; Doc. 8-2 at 8–10.

The Settlement Agreements also provide for additional releases. Ms. Buckelew "offered to release any and all age related claims against Defendant, and Defendant agreed to pay separate consideration for this additional release, as set forth in the Buckelew settlement agreement." Doc. 8 at 4. Ms. Buckelew will be paid $300 for this release. Doc. 8-1 at 2. And, "Plaintiffs offered to accept and Defendant agreed to pay each of the Plaintiffs an additional sum for a general release of all claims, as set forth separately in the individual settlement agreements." Doc. 8 at 4.

Ms. Ingram and Ms. Buckelew will each be paid $300 for this release. Doc. 8-1 at 2; Doc 8-2 at 2.

The parties assert that the Settlement Agreement is fair and reasonable "when considering the range of reasonableness of the settlement amount in light of the best possible recovery and all attendant risks of litigation, including the fact that [Defendant] has received summary judgment in its favor dozens of times o[n] the Executive Exemption issues under the FLSA with courts finding no genuine issue of fact that . . . Store Managers are properly classified as exempt employees." Doc. 8 at 5–6. Further, "[c]ounsel for the Parties represent that the settlement entered into by the Parties was an arms-length compromise, and there was no collusion concerning the settlement of this matter." *Id.* at 4.

The parties submitted three exhibits for review: (1) an executed copy of Tammy Buckelew's Confidential Settlement Agreement and Release of Claims, Doc. 8-1; (2) an executed copy of Amy Ingram's Confidential Settlement Agreement and Release of Claims, Doc. 8-2; and (3) a Declaration of Robert C. Epperson to support attorney's fees and costs, Doc. 8-3.

The court has examined the Settlement Agreements for fairness. More particularly, the court considered: (1) whether the Settlement Agreements constitute a compromise of Ms. Ingram's and Ms. Buckelew's FLSA claim; (2) the nature of the dispute, including the hours Ms. Ingram and Ms. Buckelew assert that they

7

worked, the amount they were paid, and whether the settlement amounts include liquidated damages; (3) whether the Settlement Agreements includes any side deals such as a confidentiality agreement or a release of claims other than those under the FLSA; and (4) whether the attorney's fees provided by the Settlement Agreements is reasonable and free from any conflict of interest. *See Beard v. Dolgencorp, L.L.C.*, No. 7:10-cv-1956-SLB, 2013 WL 12253571, at *4 (N.D. Ala. Mar. 29, 2013).

The Settlement Agreements reflect a reasonable compromise of Ms. Ingram's and Ms. Buckelew's FLSA claim and the parties' legitimate dispute as to the extent to which Ms. Ingram and Ms. Buckelew are due relief. *See* Doc. 8 at 3. The Settlement Agreements provides that Ms. Ingram and Ms. Buckelew will receive "as close to complete relief as can be readily determined from the records maintained and provided by Defendant" and an equal amount in liquidated damages. *Id.*; Doc. 8-1 at 2; Doc. 8-2 at 2. Ms. Ingram and Ms. Buckelew assert that they "are satisfied that the amount they received represents a fair compromise of all their claims for unpaid wages pursuant to the FLSA and otherwise." Doc. 8 at 4.

Although no hour records were provided for the court's review, the court finds that this compromise is reasonable under the particular circumstances of this case. The parties agree that "at best Plaintiffs have received complete relief and at worst, the settlement reflects a slight compromise of the viable disputed claims asserted by Plaintiffs." *See id.* at 3. There were no uncontested wages due and owing to Ms.

Ingram and Ms. Buckelew. Indeed, it is possible that a jury would find Ms. Ingram and Ms. Buckelew "were properly paid on a salaried basis, and were exempt from the overtime requirements of the FLSA under the Executive Exemption," as Dolgencorp asserts. *See id.* Additionally, Ms. Ingram and Ms. Buckelew were ably represented in settlement negotiations by capable, experienced counsel. *See id.*; Doc. 8-3 ¶¶ 5–6. Accordingly, the court finds that the Settlement Agreement "reflect[s] a reasonable compromise over issues . . . that are actually in dispute." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

The Settlement Agreements contain confidentiality provisions. Doc. 8-1 at 9–11; Doc. 8-2 at 8–9. The court "is aware . . . that a substantial body of authority has denounced the use of confidentiality clauses in FLSA settlements." *Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, at *4 (S.D. Ala. Feb. 14, 2013). However, the executed Settlement Agreements have been filed with the court's electronic docketing system and are publicly available. Therefore, the court finds that there is judicial transparency and the "public's independent interest in assuring that employee's wages are fair . . . is adequately safeguarded by the disclosure in this Order of the monetary terms of the FLSA settlement." *Id.* at *5 (cleaned up).

In addition to releases of wage and hour claims, Ms. Buckelew's Settlement Agreement contains a release of age-related claims, Doc. 8 at 4, and both Ms. Ingram's and Ms. Buckelew's Settlement Agreements contain "a general release of

9

all claims." *Id.* For each of these releases, Dolgencorp paid Ms. Ingram and Ms. Buckelew "separate consideration" of "an additional sum." *Id.* The parties assert that the Plaintiffs offered these additional releases, which Dolgencorp "agreed to pay." *Id.* The court will not "overrid[e]" Ms. Ingram's and Ms. Buckelew's "willingness to assent to such a release as part and parcel of a comprehensive settlement." *Crabtree*, 2013 WL 593500, at *5. Given that these concessions were assigned a value, this is not "a case in which full compensation . . . on [Plaintiffs'] FLSA claims was effectively diluted by their voluntary assent to such a concession." *Id.* at *6. Under these circumstances, the court finds that the releases do not render the settlement unfair or unreasonable under *Lynn's Food*.

Finally, the court finds the attorneys fees and costs are free from any conflict of interest because the parties assert that the Settlements Agreements are "fair and reasonable resolutions," were entered into as "an arms-length compromise," and "there was no collusion concerning the settlement of this matter." Doc. 8 at 4. Additionally, pursuant to the Settlement Agreements, Plaintiffs' counsel will receive $4,054.57 related to this representation, which is less than half of the amount supported by the declaration submitted to the court. *See id.* at 4; Doc. 8-3 ¶ 9. The court has reviewed the Declaration of Robert C. Epperson, Doc. 8-3, and finds that the fee and cost award is reasonable and adequate compensation.

### III. Conclusion

For the foregoing reasons, the court **GRANTS** the parties' *Corrected* Joint Motion for Court Review and Approval of the Parties' Settlement Agreement and Dismissal of Case With Prejudice and Memorandum in Support Thereof, Doc. 8, and this action is **DISMISSED WITH PREJUDICE**. The court retains jurisdiction to enforce the Settlement Agreements.

**DONE** and **ORDERED** this 26th day of January, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE